UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ADAM S. THIESSEN,

                          Debtor.

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____      │
│ DATE FILED:   06/10/2022             │
└─────────────────────────────────────┘
```

ANDREW MOLBERT,

                          Appellant,

      -against-

ADAM S. THIESSEN,

                          Appellee.

No. 20 Civ. 1569 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

This appeal arises from the Chapter 13 bankruptcy case of Appellee Adam S. Thiessen filed in the Southern District of New York, Case No. 18-23176 (SHL). On March 22, 2018, Thiessen objected to Appellant Andrew Molbert, Esq.'s claim against him for legal expenses incurred by Thiessen's significant other, Doreen Kendall, during a custody and child support proceeding with the father of Kendall's child. On January 3, 2020, the Bankruptcy Court sustained Thiessen's objection after holding in a memorandum decision that Molbert failed to comply with the requirements in 22 NYCRR § 1400.5 (regarding how an attorney in domestic matters may obtain, *inter alia*, a confession of judgment for legal fees from a client), such that he was precluded to recover any unpaid legal fees. Three days later, the Bankruptcy Court disallowed and expunged Molbert's claim in a final order. Molbert appealed on February 21, 2020. For the following reasons, the Bankruptcy Court's Order is AFFIRMED in its entirety.

## BACKGROUND

The following facts are derived from the uncontested facts before the Bankruptcy Court and the record on appeal.

### Kendall retains Molbert for her custody and child support proceeding

On April 21, 2008, Kendall retained Molbert to represent her in a custody and child support proceeding in the Westchester County Family Court. By February 7, 2009, Kendall owed Molbert $15,490.89. As the trial for that matter was set to begin ten days later, Molbert sought to meet with Kendall and Thiessen because he was concerned about them paying his legal fees.

Two days before the trial in the custody and child support matter, on February 15, 2009, Molbert met with Thiessen and Kendall and asked them each to separately sign two draft "Affidavit[s] of Confession of Judgment." These two draft affidavits already had the case caption printed out with Molbert, Thiessen, and Kendall's full names and respective designations as "Plaintiff" and "Defendant[s]." These drafts also already had a concise statement of facts out of which the debt arose printed out. Thiessen and Kendall each signed the draft affidavit corresponding to them and also affixed their initials four times in separate sections which were left blank, including: (1) the court in which the confession of judgment would be filed; (2) the sum for which the judgment would be entered; and (3) where the notary, who should have executed Thiessen and Kendall's oath upon their signing, would place his or her signature and seal.

Molbert never notified the opposing party in Kendall's custody and child support proceeding that he obtained Thiessen and Kendall's signatures on these drafts. Nor did Molbert obtain approval from the Family Court presiding over such proceeding.

### Molbert sues Thiessen and Kendall to collect his unpaid legal fees and expenses

In 2012, Molbert brought an action in New York State Supreme Court to collect on his unpaid fees and expenses. This action was not based on the draft affidavits of confession of

2

judgment that Thiessen and Kendall signed and initialed. On April 13, 2017, the New York State Supreme Court denied Thiessen and Kendall's motion for summary judgment, concluding that there were issues of material fact regarding whether (1) there was insufficient consideration for the guaranty; and (2) Kendall waived 22 NYCRR § 1400.2's requirement of regular billing at no greater than 60-day intervals.

**Thiessen files a Chapter 13 case in the Bankruptcy Court**

On July 31, 2018, Thiessen filed a Chapter 13 case, in which Molbert interposed a Proof of Claim for $136,214.67, comprising of $84,204.87 of unpaid legal fees and expenses, and $52,009.80 of interest at 9% per month through the date of the claim and thereafter accruing. On March 22, 2019, Thiessen filed an objection to Molbert's claim. On January 3, 2020, the Bankruptcy Court sustained Thiessen's objection in a memorandum decision, concluding that Molbert was precluded from recovering any unpaid fees because he failed to comply with 22 NYCRR § 1400.5, which provides the requirements an attorney must satisfy before obtaining, *inter alia*, a confession of judgment from a client in domestic matters, including a custody and child support proceeding. Molbert appealed the Bankruptcy Court's decision on February 21, 2020.

## STANDARD OF REVIEW

A district court hearing an appeal from a bankruptcy court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir. 1998). Under *de novo* review, the Court affords no deference to the Bankruptcy Court's decision and decides the question as if no decision had been previously rendered. *See In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("A *de novo* review allows us to decide the issue as if no decision had been previously rendered .

. .. No deference is given to the Bankruptcy Court's decision.") (*quoting In re Miner*, 229 B.R. 561, 565 (2d Cir. BAP 1999)).

By contrast, review for clear error is much more deferential to the bankruptcy court's findings. Clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Reilly*, 245 B.R. at 772 (quoting *In re Miner*, 229 B.R. at 565). "Particular deference is given to a bankruptcy court's findings on credibility." *In re Portaluppi*, 609 F. App'x 30, 31 (2d Cir. 2015) (citing *In re CBI Holding Co.*, 529 F.3d 432, 450 (2d Cir. 2008)).

## DISCUSSION

As a threshold matter, the parties appear to disagree on what are the issues on appeal. Molbert contends that the issues on appeal only involve conclusions of law. (Appellant's Br. at 3, 10.) Specifically, he contends that the Bankruptcy Court erred in legally concluding that the draft affidavits of confession of judgment signed by Thiessen and Kendall—an undisputed fact—constituted executed confessions of judgment. (*Id.* at 3.) Molbert contends that based on this first erroneous conclusion of law, the Bankruptcy Court then erroneously concluded that Molbert failed to comply with 22 NYCRR § 1400.5 such that he was precluded from collecting any unpaid legal fees and expenses incurred during Kendall's custody and child support proceeding. (*Id.* at 10.)

4

In contrast, Thiessen argues that the issues on appeal involve both findings of fact and conclusions of law. (Appellee's Br. at 12, 14, 15, 18.) Specifically, he avers that the following findings of fact from the Bankruptcy Court are at issue on appeal: (1) whether Thiessen and Kendall executed confessions of judgment; (2) whether Molbert failed to obtain a court order approving the executed confessions of judgments; and (3) whether Molbert failed to notify the opposing party in the custody and child support proceeding of the executed confessions of judgments. (*Id.* at 12, 14.) Thiessen also avers that the only conclusion of law at issue on appeal is the Bankruptcy Court's conclusion that Molbert failed to comply with 22 NYCRR § 1400.5, for which he was precluded from collecting unpaid legal fees and expenses incurred during Kendall's custody and child support proceeding. (*Id.* at 15, 18.)

After due consideration, the Court agrees with Molbert that the only issues on appeal before this Court involve the Bankruptcy Court's conclusions of law. These issues include whether the Bankruptcy Court erred in concluding that (1) the draft affidavits of confession of judgment signed by Thiessen and Kendall constituted executed confessions of judgment; and (2) Molbert failed to comply with 22 NYCRR § 1400.5. Indeed, the Bankruptcy Court reached those same conclusions of law based on "the uncontested facts" before it. *See In re Thiessen*, No. 18-23176 (RDD), 2020 WL 62607, at *3 (Bankr. S.D.N.Y. Jan. 3, 2020). Accordingly, the Court will review those conclusions of law *de novo* in that order.

**I.      The Bankruptcy Court Erred in Concluding that the Draft Affidavits of Confession of Judgment that Thiessen and Kendall Signed Were Executed Confessions of Judgment**

Molbert first argues that despite the clear statutory requirements set forth in C.P.L.R. § 3218(a) for parties to enter into a confession of judgment, the Bankruptcy Court erroneously concluded that the draft affidavits of confession of judgment that Thiessen and Kendall signed were executed confessions of judgment. (Appellant's Br. at 3–9.) He contends that the signed draft

affidavits here are not executed confessions of judgment because they (1) do not state the amount that is or may become due; and (2) were not signed by debtors upon a proper execution under oath before a notary. (*Id.*) The Court agrees.

Under C.P.L.R. § 3218(a), "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant." *Gonzalez v. Trees R US Inc.*, No. CV 14-7487 (AKT), 2021 WL 7283081, at *2 (E.D.N.Y. Mar. 31, 2021) (quoting C.P.L.R. § 3218(a). Accordingly, for parties to execute a Confession of Judgment, they must first state in an affidavit, signed by the defendant before a notary administering the oath, "the sum for which judgment may be entered, authoriz[e] the entry of judgment, and stat[e] the county where the defendant resides or if he is a non-resident, the county in which entry is authorized." *Id.* (quoting § 3218(a)(1). Second, "if the judgment to be confessed is for money due or to become due," the affidavit must state "concisely the facts out of which the debt arose and show[] that the sum confessed is justly due or to become due." *Id.* (quoting § 3218(a)(2). And third, "if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability," the affidavit must state "concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability." *Id.* (quoting § 3218(a)(3)).

Here, the uncontested facts indicate that the draft affidavits of confession of judgment signed by Thiessen and Kendall fail to satisfy the requirements in § 3218(a) for them to be considered executed confessions of judgment. Indeed, as the Bankruptcy Court itself expressly noted:

> . . . Molbert acknowledges that the confessions of judgment are not enforceable, .
> . . , as . . . "[t]he blank confession forms <u>were never filled out</u>; they <u>were not filed</u>

with any court; they <u>do not and were not used</u> to lien any property; they <u>were not the basis</u> for <u>any</u> cause of action in the Supreme Court action; and they <u>have never been the basis</u> for <u>any</u> claim against [the Debtor] or Ms. Kendall."

*In re Thiessen*, 2020 WL 62607, at *4 (emphasis in original). To be sure, the Bankruptcy Court never explicitly concluded that these drafts were executed confessions of judgment, especially since it expressly noted that they were unenforceable. However, the Court agrees with Molbert that the way the Bankruptcy Court uses the term "confessions of judgment" throughout its decision implies that it considered these draft affidavits to be executed confessions of judgment despite the requirements in C.P.L.R. § 3218(a).

## II.    But the Bankruptcy Court Did Not Err in Concluding that Molbert Failed to Comply with the Requirements in 22 NYCRR § 1400.5

Molbert next argues that the Bankruptcy Court erred in concluding that he violated the provisions in 22 NYCRR § 1400.5 (such that he was precluded from collecting unpaid legal fees and expenses incurred during Kendall's custody and child support proceeding), based on its erroneous conclusion that the draft affidavits of confession of judgment were executed confessions of judgment. (Appellant's Br. at 14–20.) He argues that the Bankruptcy Court interpreted and construed both C.P.L.R. § 3218(a) and 22 NYCRR § 1400.5 in a manner directly at odds with the clear, unequivocal language, meaning and intention of those laws. (*Id.*)

On the other hand, Thiessen contends that the Bankruptcy Court did not err in concluding that Molbert violated the provisions in § 1400.5 because Molbert had him and Kendall signed these draft affidavits of confession of judgment without court approval and contact with the opposing party in the custody and child support proceeding. (Appellee's Br. at 15–25.) The Court agrees with Thiessen.

22 New York Codes, Rules and Regulations 1400–1400.7 were promulgated under New York Judiciary Law § 90(2) to govern "all attorneys who, on or after November 30, 1993,

undertake to represent a client in a claim, action or proceeding . . . in either Supreme court or

Family Court . . . for . . . custody, visitation, . . . [or] child support," with the exception of attorneys

representing clients without compensation paid by the client (with a further exception also not here

applicable). 22 NYCRR § 1400.1. These Part 1400 rules "were designed to address abuses in the

practice of matrimonial law and to protect the public, and the failure to substantially comply with

them will preclude an attorney's recovery of a legal fee from his or her client." *Greco v. Greco*, 77

N.Y.S.3d 160, 161–62 (2d Dept. 2018); *Montoya v. Montoya*, 40 N.Y.S.3d 151, 153 (2d Dept.

2016) (same). "A showing of substantial compliance must be made on a *prima facie* basis as part

of the moving party's papers." *Id.*

Particularly relevant here is 22 NYCRR § 1400.5, which provides in relevant part:

Security Interests

(a) An attorney may obtain a confession of judgment or promissory note, take a lien
on real property, or otherwise obtain a security interest to secure his or her fee only
where:

(1) The retainer agreement provides that a security interest may be sought;

(2) Notice of an application for a security interest has been given to the other
spouse; and

(3) the court grants approval of the security interest after submission of an
application for counsel fees.

Here, after due consideration, the Court agrees with the Bankruptcy Court that Molbert

failed to comply with the requirements in § 1400.5 because he sought to obtain confessions of

judgment from both Thiessen and Kendall before fully complying with the requirements in the

statute.

First, the Court notes that although C.P.L.R. § 3218(a) and 22 NYCRR § 1400.5 both relate

to confessions of judgment, they each serve a different purpose and function. C.P.L.R. § 3218(a)

provides the requirements that *the parties* must satisfy when "*entering*" into a confession of judgment so that the same is enforceable in court. In contrast, as relevant here, 22 NYCRR § 1400.5 provides the requirements that "[*a*]*n attorney*" must satisfy before "*obtaining*" a confession of judgment from a client in a custody and child support proceeding. *See Goldman v. Goldman*, 95 N.Y.2d 120, 123 (N.Y. 2000) ("[W]e note that 22 NYCRR 1400.5, effective November 1993, now *requires attorneys to seek court approval and to notify the other spouse before obtaining* a security interest in marital property . . . ." (emphasis added)); *accord Iriarte v. Iriarte*, 856 N.Y.S.2d 839, 843 (Sup. Ct. Orange Cnty. 2008); *see also Goldman v. Goldman*, 924 N.Y.S.2d 309 (Sup. Ct. Rensselaer Cnty. 2011) ("Case law is clear that when confessions of judgment are obtained in violation of 22 NYCRR 1400.5, an attorney forfeits such fees to the extent that they remain unpaid.")

In short, an attorney in domestic relations matters must first comply with the three requirements in 22 NYCRR § 1400.5 before seeking to enter into a confession of judgment with a client in accordance with the requirements in C.P.L.R. § 3218(a). Indeed, and perhaps most notably, such conclusion is also consistent with Rule 1.5(d)(iii) of the New York Rules of Professional Conduct, which provides that

> (d) A lawyer shall not enter into an arrangement for, charge or collect . . .
>
>> (5) any fee in a domestic relations matter if: . . .
>>
>>> (iii) the written retainer agreement includes a . . . confession of judgment . . . *without prior notice being provided in a signed retainer agreement and approval from a tribunal after notice to the adversary*.

N.Y. Rules of Prof. Con. 1.5(d)(iii) (emphasis added). Hence, with all that in mind, while the signed draft affidavits of confession of judgment here are not executed confessions of judgment

complying with C.P.L.R. § 3218(a), it does not logically follow that Molbert could not have independently violated the requirements in 22 NYCRR § 1400.5.

Second, it is undisputed that Molbert only complied with the first requirement in 22 NYCRR § 1400.5 before seeking to obtain a confession of judgement from Thiessen and Kendall. The relevant retainer agreement here provides the possibility of him taking "a security interest in lieu of immediate payment [which] may take the form of a confession of judgment, promissory note, or mortgage upon specified property." However, Molbert failed to notify the opposing party in Kendall's custody and child support proceeding and to seek court approval. Thus, the Court concludes that Molbert failed to comply with the requirements in 22 NYCRR § 1400.5 before obtaining Thiessen and Kendall's signatures on the draft affidavits of confession of judgment.

And third, given that Molbert failed to comply with 22 NYCRR § 1400.5, then he is precluded from recovering any unpaid fees as a matter of law. As the Bankruptcy Court correctly noted:

> The prophylactic policy behind the Part 1400 Rules clearly applies to violations of 22 NYCRR 1400.5: if an attorney has obtained an agreement in violation of that Rule, the attorney is precluded from recovering any unpaid fees. *See Behrens & Behrens, P.C. v. Sammarco*, 305 A.D.2d 346, 347–48, 759 N.Y.S.2d 151 (2d Dept. 2003); *Goldman v. Goldman*, 30 Misc.3d 1222(A), 924 N.Y.S.2d 309 (Sup. Ct., Rensselaer Cty. 2011). *See also Matter of Raoul Lionel Felder, P.C. v. Carroll*, 40 A.D.3d 652, 833 N.Y.S.2d 416 (2d Dept. 2007); *Papapietro v. Pollack & Kotler,* 9 A.D.3d 419, 420, 781 N.Y.S.2d 42 (2d Dept. 2004); *Iriarte v. Iriarte*, 19 Misc.3d 582, 585 (Sup. Ct. Orange Cty. 2008). *Contrast Gross v. Gross*, 36 A.D.3d 318, 830 N.Y.S.2d 166 (2d Dept. 2006), where the attorney "apparently cognizant of [22 NYCRR 1400.5], rightfully relied on" its express exception, obtained prior court approval, and therefore was not precluded from recovering. *Id.* at 323–24.

*In re Thiessen*, 2020 WL 62607, at *4 (brackets in original). Were the Court to hold otherwise and side with Molbert, its holding would run afoul of the purpose behind the Part 1400 rules: "to govern the conduct of attorneys in domestic relations matters and to protect the clients which *they* serve." *Iriarte*, 856 N.Y.S.2d at 841 (emphasis in original)).

If anything, the Court is perplexed that despite his evident awareness of C.P.L.R. § 3218(a), Molbert nonetheless admittedly had Thiessen and Kendall (i) sign the draft affidavits of confession of judgment without a notary present to execute the oath upon them; *and* (ii) affix their initials in key blank sections—a method by which parties to an agreement often acknowledge an amendment to a document—required for compliance with § 3218(a) in these draft affidavits.

Accordingly, although the Bankruptcy Court erred in concluding that the signed draft affidavits of confession of judgment constituted executed confessions of judgment, the Court affirms the Bankruptcy Court's ultimate ruling that Molbert violated the requirements in 22 NYCRR § 1400.5 such that he is precluded from recovering any unpaid fees as a matter of law.

## CONCLUSION

Based on the foregoing, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is kindly directed to CLOSE this case.

Dated: June 10, 2022
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

11